ANNA M. COOK ET AL., PETITIONER AND DEFENDANT IN CERTIORARI, v. THE CENTRAL RAILROAD COMPANY OF NEW JERSEY, RESPONDENT AND PROSECUTOR IN CERTIORARI.

Submitted January 17, 1939—Decided April 14, 1939.

Before BROGAN, CHIEF JUSTICE, and Justices BODINE and HEHER.

For the petitioner, *Collins & Corbin* (*Edward A. Markley* and *Patrick F. McDevitt*, of counsel).

For the prosecutor, *William F. Hanlon*.

BROGAN, CHIEF JUSTICE. This writ brings up for review a judgment of the Pleas affirming the finding of the Compensation Bureau. The only question in the case is whether, under the circumstances exhibited here, there is authorization under the statute to award a fee to petitioner's counsel, to be paid by the employer. That part of the judgment fixing a fee to be paid by the petitioner is not brought up by the writ.

The petitioner's decedent admittedly met his death by accident arising out of and in the course of his employment with the Central Railroad Company, the prosecutor of this writ. That fatality occurred on November 4th, 1936. Counsel for the widow—administratrix of the estate—conceiving that there was liability under the Federal Employers Liability act, endeavored to settle the claim for damages for a certain sum. The employer denied liability under said Federal act and suit was instituted on the theory that the decedent and the railroad company were engaged in interstate commerce. After further information was obtained by means of interrogatories, petitioner's attorneys, on July 2d, 1937, filed a claim petition for compensation under our act of 1911. Prior to this, on May 29th, 1937, a letter was written by the employer's attorneys to counsel for the petitioner, agreeing to pay the precise amount of compensation provided for in our statute as well as $150 for funeral expenses; and this was the amount subsequently adjudged by the referee. That letter does not appear as an exhibit in the state of case but its contents were read into the record. It was written in answer to a letter of May 27th, from petitioner's counsel, which likewise does not appear in the record, but the inference is that the letter of May 27th, sought compensation in an amount exceeding that allowed by the statute. This offer to pay just compensation brought no reply. A month later a petition was filed.

In the respondent's answer to the petition of July 2d, we find the following: "The respondent admits compensation is payable to the widow and son of the decedent and all other allegations contained in the petition. It has been ready and willing at all times to pay the compensation prescribed * * * and will begin payments at once if a desire for these payments

is evidenced by the petitioner or her attorneys who have filed a suit under the Federal Employers Liability act."

A *pro forma* hearing was had in the bureau at which the petitioner was merely told that she was to get the compensation provided by law, to which she assented. The bureau allowed a fee of $600, one-half of which was assessed against the employer, and the only question before us is whether such award, later affirmed by the Pleas, was erroneous. We think it was, our determination to that effect resting on the provisions of the statute itself. The pertinent part of the statute (*Pamph. L.* 1918, *ch.* 149, § 17; *R. S.* 34:15-64) reads as follows: "* * * When, however, prior to any hearing, compensation has been *offered* or paid, the reasonable allowance for attorney's fee shall be based upon only that part of the judgment or award in *excess* of the amount of compensation theretofore *offered* or paid * * *." (Italics supplied.)

It is apparent that compensation was offered and, further, that the award was "not in excess of the amount of compensation theretofore offered. * * *."

The respondent here, in justification of the allowance, relies upon *Everhart* v. *Newark Cleaning & Dyeing Co.,* 14 *N. J. Mis. R.* 270; *affirmed,* 117 *N. J. L.* 581; 184 *Atl. Rep.* 200, which case, as we view it, does not support the argument. The facts are quite different as a mere reading of the case discloses.

It is further argued, in support of the judgment under review, that the statute should be liberally construed. Liberality cannot breach the gap between the language of the statute, *supra,* and the action of the tribunal under review. The language of the statute is precise, definite and unequivocal. There is no room for construction.

Petitioner's counsel, on May 27th, 1937, before a claim petition for compensation was filed, was offered the exact amount that finally was awarded to the petitioner. The answer filed by the employer admitted all the allegations of the petition. No hearing, as that term is generally understood, was had nor was it necessary. No witnesses save the petitioner appeared. She testified to no facts except her

willingness to receive lawful compensation and to pay a counsel fee.

The finding that a counsel fee should be paid by the employer, under the facts in this record, in our opinion, runs squarely counter to the pertinent statutory provisions, and such judgment will be reversed, with costs.